**SO ORDERED.**
**SIGNED this 23rd day of October, 2014**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

In re:

JONATHAN CLELL HOOKER, SR,

      Debtor.

Case No. 11-12268
Chapter 13

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

Kara L. West, Chattanooga, Tennessee, for the Chapter 13 Trustee

United States Bankruptcy Court
Judge Shelley D. Rucker

**ORDER & MEMORANDUM**

The Debtor filed a Supplemental Fee Request for Non-Routine Services on July 3, 2014 related to "non-routine" objections to two claims made by Quantum3 Group LLC as agent for Capio Partners LLC, and the Trustee filed an Objection to the Supplemental Fee

Request on the sole ground that the requested fees substantially eliminated any benefit to the estate realized by the disallowance of those claims.

After hearing argument on September 11, 2014 pertaining to seven such fee applications made by Debtor's counsel, the court has addressed whether the requested amount of fees is appropriate under the Sixth Circuit's lodestar analysis and whether the Trustee's objection should be sustained in a Memorandum Opinion filed in *In re Alexander*, Case No. 1:13-bk-13462 [Doc. No. 62]. After reviewing the pleadings filed and the record in the instant case, the court concludes a question exists as to whether the Debtor's attorney has been compensated for these services. Mr. Banks will have ten days to supplement his application in light of this order and the court's ruling in *In re Alexander*.

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

### I. FACTS

#### A. DISCLOSURE OF COMPENSATION

The Debtors filed their Chapter 13 Petition on April 26, 2011. [Case No. 11-2286, Doc. 1]. Also on April 29, 2011, Mr. Banks filed a Disclosure of Compensation of Attorney For Debtor, which listed the following as a "routine" service included in Debtor's $3,000 base fee: "Preparation, filing and prosecution of objections to claims that one can reasonably anticipate will not be contested, such as objections to untimely filed claims and objections to duplicate claims." [Doc. 12, at p. 1]. The Disclosure excepted certain services for which additional fees could be charged. [Doc. 12, at p. 2]. These services do not include uncontested or "non-routine"

claims objections. *Id.* The Debtor's attorney was awarded $2,500 in the confirmation order entered on May 26, 2011. [Doc. 21].

    B.  OBJECTIONS

        1.  <u>Objection to Claim #12</u>: *Quantum3 Group LLC*

On August 16, 2011, Quantum3 Group LLC as agent for Capio Partners LLC ("Quantum") filed claim no. 12 for $103.58 on the basis of "Medical Debt." [Doc. 12-1]. The proof of claim indicates that the debt may have originated at "Erlanger," and the most recent service date under "Account Summary" was May 3, 2002. *Id.*

On December 3, 2013, Debtor objected on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 41]. The claim was, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). No response was filed and no representative of the creditor appeared at the hearing on the objection. An Order disallowing the claim entered on January 9, 2014.

        2.  <u>Objection to Claim #13</u>: *Quantum 3 Group LLC*

On August 16, 2011, Quantum filed claim no. 13 for $429.44 on the basis of "Medical Debt." [Doc. 13-1]. The proof of claim indicates that the debt may have originated at "Erlanger," and the most recent service date under "Account Summary" was June 21, 2003. *Id.*

On December 3, 2013, over two and a half years after the case was filed, Debtor objected to the proof of claim on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 42]. The claim was, therefore,

unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). No response was filed and no representative of the creditor appeared at the hearing on the objection. An Order disallowing the claim entered on January 9, 2014.

C.  DEBTOR'S ATTORNEY'S SUPPLEMENTAL FEE APPLICATION

Debtor's attorney requests an additional $396.32 in attorney fees and expenses for 2.6 hours of legal work performed primarily over a period of three months from November 2013 to January 2014.. [Doc. 59. Ex. A]. Debtor's attorney and a paralegal spent three-tenths (.3) of an hour reviewing claims; three-tenths (.3) of an hour filing objections; nine-tenths of an hour (.9) preparing for and attending a hearing; three-tenths of an hour (.3) reviewing received Orders; and eight-tenths of hour (.8) preparing the time sheets and for the additional fee application. *Id.* Debtor's attorney charged $300 per hour for eight-tenths (1.8) of an hour of work, and his paralegal charged $75 per hour for one hour and eight-tenths hours of work. *Id.* There are no entries for discussions with the client or preparation of an affidavit.

Debtor asserts that the amount of fees and expenses requested, if allowed, will not diminish the 75% dividend to unsecured creditors proposed in the plan. *Id.* The court presumes the fees will be paid by the Debtors through plan payments.

II.  ANALYSIS

In the *Alexander* opinion, the court analyzed the nature of the claims at issue, the amount of time necessary to object to such claims, potential benefits to the estate, changes to the law that have made those objections routine, and the reasonableness of Debtor's counsel's hourly rate. In keeping with that analysis for the case at bar, the court finds that the fees and expenses represent a reasonable number of hours charged at a reasonable hourly rate for services that were

necessary and beneficial to the Debtor and the estate. However, as to the retroactive application of the *Alexander* interpretation of routine services, this case is different from *In re Alexander*. Based on the Debtor's agreement with Mr. Banks reflected in the Disclosure of Compensation, these services included the preparation, filing, and prosecution of objections to claims that one can reasonably anticipate will not be contested. Such services were included in the base fee allowed. The court received no testimony regarding whether Mr. Banks had reason to believe in the fall of 2013 that he would receive no response to his objection. His current contention regarding the filing of these stale claims is that the creditors do not respond to such objections. The court will grant Mr. Banks ten days to supplement his application in light of the court's ruling in *In re Alexander* regarding the inclusion of these services in the base fee. Otherwise, the court will find that the fees are for routine services, for which Mr. Banks has already been compensated.

Accordingly, it is ORDERED that Debtor's attorney will have ten days to supplement his fee application. In the event that he does not file a supplement, the court will deny the application as being for services included in the base fee previously approved.

# # #